# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JACINTA DOWNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 05921 |
| | ) | |
| ABBOTT LABORATORIES and | ) | Judge John J. Tharp, Jr. |
| ABBOTT MOLECULAR INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Nearly two years after filing her original complaint for employment discrimination against defendants Abbott Laboratories and Abbott Molecular Inc. (collectively "Abbott"), plaintiff Jacinta Downing now seeks to amend her complaint for a second time. Downing alleges that Abbott, her former employer, discriminated against her on the basis of race and gender and then retaliated against her for reporting the discrimination. Her proposed second amended complaint ("SAC") does not add new parties or new claims, but includes additional factual allegations regarding her existing claims. She does so in an effort to support her argument that she should be permitted to conduct additional discovery. Because Downing has failed to demonstrate the good cause required under Federal Rule of Civil Produce 16(b)(4) for amending her complaint so late in the day, the Court denies her motion for leave to file a second amended complaint.

## BACKGROUND

Downing is an African American female who worked in sales and marketing for Abbott from 2003 until her termination in 2015. On July 6, 2015, Downing filed her first complaint against Abbott asserting claims of race discrimination and retaliation under 42 U.S.C. § 1981. On

December 1, 2015, after she exhausted her administrative remedies and received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"), Downing filed her first amended complaint ("FAC"), which added claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") for race and gender discrimination and retaliation. Abbott filed an answer to the FAC on December 15, 2015, and shortly thereafter, Judge Zagel (to whom the case was then assigned) entered an order setting a discovery schedule in the case (the "Scheduling Order"). Order, Jan. 8, 2016, ECF No. 24. The parties then began discovery and successfully sought extensions to various deadlines set forth in the Scheduling Order on three separate occasions. Order, Jan. 27, 2016, ECF No. 27; Order, June 24, 2016, ECF No. 35; Order, Oct. 5, 2016, ECF No. 40. In October 2016, the case was reassigned from Judge Zagel to this Court, and this Court adopted Judge Zagel's Scheduling Order. Order, Nov. 4, 2016, ECF No. 42. These scheduling orders provided that the deadline for any amendment to the plaintiff's pleadings was on February 1, 2016, and that fact discovery closed on March 31, 2017.[1]

On November 30, 2016, Downing filed a motion to compel responses to interrogatories and document requests and the case was referred to Magistrate Judge Kim for discovery supervision, including the motion to compel. Judge Kim granted in part and denied in part Downing's motion to compel, finding that Downing's discovery requests were "overly broad and not reasonably anchored to the claims" alleged in her complaint. Order, Jan. 26, 2017, ECF No. 56. Downing then filed with this Court her objections to Judge Kim's January 26 Order. On March 30, 2017, this Court held a hearing on Downing's objections and overruled them, finding

---

[1] On February 14, 2017, this fact discovery deadline was stricken by Magistrate Judge Kim.

that Judge Kim's January 26 Order was not unreasonable or clearly erroneous. Three weeks later, Downing moved to amend the FAC and filed her proposed SAC.

The proposed SAC does not add new parties or new claims. Instead, it adds only factual allegations regarding the same claims alleged in the FAC. The factual allegations included in Downing's FAC, the current operative complaint, allege that despite her exceptional performance as a sales manager, Downing was subjected to continual discrimination and retaliation, including by her supervisor, who allegedly made racially charged and derogatory remarks to Downing and failed to recognize and accurately review her objective accomplishments. The FAC also alleges that Downing's supervisor chastised her for lodging a complaint of discrimination with Abbott's employee relations and placed her on an unwarranted disciplinary coaching plan and performance improvement plan. In addition, the FAC alleges that Downing's supervisor subjected other African American females to unlawful discrimination. Downing further alleges that she was stripped of a bonus and excluded from management activities. According to the FAC, Downing was terminated in 2015 as part of a reduction in force that disproportionately eliminated the jobs of African American and female employees. Downing's FAC alleges discrimination under theories of differential treatment and disparate impact. It identifies Abbott's "inaccurate and discriminatory performance reviews" and "performance management practices" as having a disparate impact. Am. Compl. ¶ 7.

The proposed SAC adds a significant amount of detail to the FAC's factual allegations. It describes specific acts by Downing's supervisor that were allegedly taken in an attempt to change the gender composition of his team by causing Downing and her female African American co-workers to transfer or be removed from their positions. The SAC also provides detailed allegations about responses provided by Downing and her co-workers during a climate

study survey about her supervisor. It further describes acts taken by Abbott and Downing's supervisor in response to the climate study results, which Downing alleges were part of a campaign of retaliation, harassment, and discrimination. Downing's SAC also provides more detailed allegations regarding Downing's performance reviews and the 2015 reduction in force. Similar to the FAC, Downing's proposed SAC alleges discrimination under differential treatment and disparate impact theories of liability. However, the SAC specifically alleges that the following policies at Abbott were discriminatory: succession planning, wage and compensation assignments, promotional policies, disciplinary policies and procedures, and reduction in force or restructuring policies and procedures. Downing's SAC also adds to each of her discrimination counts the specific allegation that she was paid less than similarly-situated non-African-American or male employees and to each of her retaliation counts that she was paid less than employees who did not engage in protected activity.

## DISCUSSION

Downing argues that under the liberal standard of Federal Rule of Civil Procedure 15, the Court must permit her to amend her complaint because no good reason such as futility, undue delay, undue prejudice, or bad faith, exists to deny her leave to amend. Abbott, however, argues that because the Scheduling Order's deadline for amending the pleadings in this case has passed, Downing first must show good cause under Rule 16(b) before she can amend her complaint. A plaintiff seeking to amend a pleading after the expiration of the scheduling order deadline must show good cause under Rule 16(b). *See, e.g.*, *CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015) (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). To determine good cause, the court considers the diligence of the party seeking amendment. *Id.* (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)). If

the moving party establishes good cause, the court then applies Rule 15(a) to determine whether amendment is proper. *Triteq Lock & Sec. LLC v. Innovative Secured Solutions, LLC*, No. 10 C 1304, 2011 WL 3203303, at *2 (N.D. Ill. July 21, 2011).

The Scheduling Order set in this case by Judge Zagel on January 8, 2016 states:

> Plaintiff shall amend pleadings on or before 2/1/16 and Defendants shall amend pleadings on or before 2/22/16. Fact discovery shall be completed on or before 3/15/16. Plaintiff shall comply with Rule 26(a)(2) on or before 4/15/16 and Defendants shall comply with Rule 26(a)(2) on or before 5/16/16. Expert discovery shall be completed on or before 6/16/16, with the exception of expert discovery related to damages. Dispositive motions shall be filed on or before 7/15/16.

Order, Jan. 8, 2016, ECF No. 24.

Subsequently, the parties jointly moved to modify the Scheduling Order on three separate occasions, requesting extensions to each deadline in the Scheduling Order *except* the deadlines for amending pleadings. Joint Mot. to Modify Discovery Scheduling Order, Jan. 22, 2016, ECF No. 25; Joint Mot. to Modify Discovery Scheduling Order, June 21, 2016, ECF No. 33; Joint Mot. to Modify Discovery Scheduling Order, Sept. 29, 2016, ECF No. 38. Judge Zagel granted each of the motions and modified the Scheduling Order per the parties' requests. Order, Jan. 27, 2016, ECF No. 27; Order, June 24, 2016, ECF No. 35; Order, Oct. 5, 2016, ECF No. 40. The parties never requested an extension to the deadlines for amending their pleadings, and those deadlines were never modified by the Court. On November 4, 2016, when the case was reassigned to this Court, it explicitly adopted the Scheduling Order set by Judge Zagel. Order, Nov. 4, 2016, ECF No. 42.

Downing argues that despite the parties' failure to extend the date for amending pleadings, the deadline necessarily changed when the discovery deadlines were extended. She asserts that "the failure to make corresponding extensions of the amendment deadline appears to have been an oversight" because that deadline was "based on the premise that fact discovery

would close the following month" and Judge Zagel "did not intend to prohibit Plaintiff from amending her complaint based on facts she learned in discovery." Pl.'s Suppl. Mem. in Supp. of Mot. for Leave to File Second Am. Compl. 6, ECF No. 81. Downing claims that "[t]he parties and Judge Zagel anticipated that Plaintiff would, in accordance with the usual practice, be allowed to amend her complaint up until near the conclusion of discovery." Pl.'s Reply 4, May 25, 2017, ECF No. 85. But Downing provides no evidence of these purported intentions and anticipations. In light of the parties' and the court's diligence in modifying—on three separate occasions—every other discovery deadline in the Scheduling Order, the Court cannot assume that the amendment deadline was merely overlooked or changed without an express request from the parties or an order from the Court. Nor is it, in the Court's experience and practice, the norm to amend pleadings "up until near the conclusion of discovery." That is a practice that invites procrastination, delay, and inefficiency. Accordingly, the Court finds that the February 1, 2016 deadline set forth in the Scheduling Order for Downing to amend her FAC remains in effect.

Because Downing moved to amend her FAC in April 2017, more than a year after the deadline set forth in the Court's Scheduling Order, she must show good cause under Rule 16(b). *See CMFG Life Ins. Co.*, 799 F.3d at 749. The good cause standard focuses on the diligence of the party seeking amendment, not on the prejudice to the nonmoving party. *Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 627-28 (7th Cir. 2013). Lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b). *Dagens v. Vill. of Wonder Lake*, No. 13 C 50216, 2014 WL 4829269, at *3 (N.D. Ill. Sept. 29, 2014).

A party meets the good cause standard if it "promptly moves to amend the pleadings after learning facts which provide the basis for the amendment." *Bridgeport Pain Control Ctr., Ltd. v. Cutera, Inc.*, No. 08 C 1116, 2009 WL 510888, at *1 (N.D. Ill. Feb. 29, 2009); *see also Triteq*

6

*Lock & Sec. LLC*, 2011 WL 3203303, at *2 (good cause shown where plaintiffs first learned of facts related to new claim through discovery received after the deadline and moved for leave to amend in one month). Courts have ruled that good cause does not exist where the plaintiff knew or should have known of the facts underlying the proposed amendment, but waited until after the deadline to seek leave to amend. *See Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 689-90 (N.D. Ill. 2009) (no good cause existed where plaintiff knew of the facts underlying the amendment but waited 56 days after the deadline to seek leave to amend); *Curtis v. TransCor Am., LLC*, No. 10 C 4570, 2012 WL 1080116, at *3 (N.D. Ill. Mar. 29, 2012) (no good cause where plaintiff's theory of the case did not change and he had a significant portion of the evidence relevant to the amendment prior to the deadline). Even if a plaintiff does not have the relevant information prior to the amendment deadline, a plaintiff who waits months after receiving the information before seeking leave to amend lacks diligence to establish good cause. *Vitelo v. Brazzaz, LLC*, No. 09 C 01051, 2010 WL 3273898, at *3 (N.D. Ill. Aug. 16, 2010) (denying leave to amend where plaintiff waited more than six months to seek amendment after discovering relevant information after the amendment deadline). The Seventh Circuit has also held that ignorance or failure to anticipate an obvious and legally well-grounded defense does not constitute good cause. *Carroll v. Stryker Corp.*, 658 F.3d 675, 684 (7th Cir. 2011) (upholding denial of motion for leave to amend seven months after the deadline where plaintiff had been alerted to the basic problem with his claim); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (finding that plaintiff failed to show good cause where he claimed to have "no reason to know that his complaint was deficient until the defendants filed their motions to dismiss").

Abbott argues that Downing cannot show good cause for amending the FAC because all the facts she seeks to add in her proposed SAC are derived from Abbott's June 16, 2016 document production. Because Downing waited more than ten months before filing her motion for leave to amend, Abbott asserts that she cannot show the diligence necessary to establish good cause under Rule 16(b).

Downing does not contest Abbott's assertion that the facts added to her proposed SAC are derived from Abbott's June 2016 document production.[2] Although she does not concede that the Rule 16(b) good cause standard applies, Downing nonetheless argues that she has exercised diligence in seeking leave to amend her FAC. Downing asserts that her motion to amend is in response "to the concerns raised by this Court and the Magistrate Judge" that her FAC is not specific enough. Pl.'s Suppl. Mem. in Supp. of Mot. for Leave to File Second Am. Compl. 2, ECF No. 81. According to Downing, these concerns were expressed in Judge Kim's January 26 Order denying her motion to compel and this Court's March 30 Order overruling Downing's objections to Judge Kim's January 26 Order. Downing argues that before these rulings, she "did not perceive any reason to amend the [FAC], as she did not intend to add claims or parties," but she exercised diligence by responding promptly to the Court's concerns and filing her motion to amend three weeks after the March 30 Order. Pl.'s Reply 2, May 25, 2017, ECF No. 85.[3]

---

[2] Downing admits that the added allegations in her proposed SAC are based on documents produced by Abbott, but she does not identify the date of the production. Pl.'s Suppl. Mem. in Supp. of Mot. for Leave to File Second Am. Compl. 4, ECF No. 81.

[3] Judge Kim's January 26 Order states: "The primary deficiency in Plaintiff's argument here is that the scope of discovery she proposes is overly broad and not reasonably anchored to the claims she makes in her complaint. This problem is compounded by the vague and general nature of the allegations in her amended complaint." Order 1, Jan. 26, 2017, ECF No. 56. In its ruling on Downing's objections to Judge Kim's January 26 Order, this Court noted that Judge Kim found the allegations in the operative complaint are relatively non-specific. Pl.'s Suppl. Mem. in Supp. of Mot. for Leave to File Second Am. Compl., Ex. A 10:14-20, 13:15-22, ECF

8

Downing's argument misinterprets the rulings of Judge Kim and this Court. The findings by Judge Kim and this Court that the FAC allegations are vague and lack specificity are in no way an invitation or a direction to Downing to amend her complaint more than a year after the amendment deadline. The findings were made as a basis for ruling on Downing's motion to compel discovery. They do not provide the good cause required under Rule 16(b) for Downing to amend her pleading after the time by she was required to do so has passed. Downing's assertion that, prior to the Court's rulings, she did not perceive any reason to amend her FAC because she did not anticipate adding claims or parties is also insufficient to establish good cause. A plaintiff is expected to know that under Rule 26(b), the proper scope of discovery is determined by, among other things, relevance to the plaintiff's claims. Fed. R. Civ. P. 26(b)(1). Therefore, amending a complaint may be necessary not only to add parties or claims, but also for purposes of discovery. The Seventh Circuit has rejected arguments by plaintiffs claiming they were unaware of obvious deficiencies in their complaints or potential challenges to effectively pursuing their claims. *See Caroll*, 658 F.3d at 684; *Alioto*, 651 F.3d at 720.

Downing's motion for leave to amend does not present any other arguments to establish good cause under Rule 16(b). Effectively conceding that the purpose of the motion is to justify a further extension of the discovery period to allow her to obtain documents that were the subject of her previously denied motion to compel, she argues that permitting her to file the proposed SAC will serve the interests of justice and aid the parties and the Court in full and fair litigation of the issue. She asserts that the SAC "provides the framework for [] more targeted discovery," will not cause delay or undue delay, and will not prejudice Abbott. Pl.'s Mot. for Leave to File Second Am. Compl. ¶¶ 4-6, ECF No. 75. But permitting more discovery concerning the

---

No. 81. The Court also stated that Downing's allegations and complaint need to have specificity and focus. *Id.* at 14:17-20.

reduction in force is not a framework for more targeted discovery; it is a license to conduct more expansive discovery that was not justified by the complaint's original allegations. Moreover, the Court must establish there is good cause under Rule 16(b) before applying the Rule 15 standard to determine whether amendment is proper. *Triteq Lock & Sec. LLC*, 2011 WL 3203303, at *2. None of these arguments are sufficient to meet the good cause standard, which depends upon the diligence of the party seeking to amend. *See CMFG Life Ins. Co.*, 799 F.3d at 749; *Peters*, 512 F. App'x at 627-28. Downing waited 10 months after receiving the additional facts she now seeks to include in an amended complaint. She therefore cannot show that she acted with the diligence necessary to establish good cause for amending her complaint after the Scheduling Order deadline. *See Vitelo*, 2010 WL 3273898, at *3.

A final point. Although Downing does not raise this fact in her motion for leave to amend, the Court notes that Judge Kim's January 26 Order states, erroneously, that there are no disparate impact claims in the case. Order 1, Jan. 26, 2017, ECF No. 56. But paragraph 7 of Downing's FAC states "Abbott subjected Plaintiff and other African American employees to racial discrimination and a hostile work environment, including but not limited to the following: … [s]ubjecting African Americans to inaccurate and discriminatory performance reviews and employing performance management practices with a disparate impact." Am. Compl. ¶ 7, ECF No. 21. In addition, paragraph 16 of Downing's FAC states: "Plaintiff challenges the events leading up to her termination, as well as Abbott's RIF, under theories of both differential treatment and disparate impact." *Id.* ¶ 16. But, as the Court pointed out in overruling Downing's objections to Magistrate Judge Kim's order, that error had nothing to do with the ruling on Downing's motion to compel because, in that motion, Downing did not argue that her disparate impact theories provided the basis for compelling the discovery responses at issue. *See* Pl.'s

Mem. in Support of Mot. to Compel, Dec. 6, 2016, ECF No. 53. At the hearing held on Downing's objections to Judge Kim's January 26 Order, Downing's counsel acknowledged that she did not once use the term "disparate impact" in the motion to compel. Pl.'s Suppl. Mem. in Supp. of Mot. for Leave to File Second Am. Compl., Ex. A 4:1-5:24, ECF No. 81. Moreover, Downing does not argue and this Court is unwilling to rule that the discrepancy between Judge Kim's January 26 Order and the allegations in her FAC provide a basis for establishing the good cause required by Rule 16(b) to amend her complaint after the deadline. Despite Judge Kim's January 26 Order, Downing's FAC includes disparate impact allegations. While Downing failed to argue that those allegations provided the basis for obtaining her desired discovery, the Court has not stricken or dismissed those claims and they remain in the FAC.

*   *   *

For the reasons stated above, the Court denies Downing's motion for leave to file a second amended complaint.

Date: October 11, 2017

John J. Tharp, Jr.
United States District Judge