**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **JACINTA DOWNING,** | ) | **No. 15 CV 5921** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **ABBOTT LABORATORIES and** | ) | |
| **ABBOTT MOLECULAR INC.,** | ) | |
| | ) | **November 2, 2017** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Jacinta Downing brings this action against Defendants Abbott Laboratories and Abbott Molecular Inc. (together "Abbott"), asserting claims of race and reprisal discrimination. Before the court is Abbott's motion for a protective order striking Downing's deposition notice served on Abbott under Rule 30(b)(6). For the following reasons, the motion is granted:

On September 12, 2017, Downing served Abbott with a Rule 30(b)(6) deposition notice seeking testimony regarding Abbott's efforts to preserve relevant documents. Abbott seeks to strike this deposition notice on the basis that Downing fails to provide a sufficient basis for what essentially amounts to discovery on discovery. (R. 107, Defs.' Mem. at 7.) In her response, Downing argues that a Rule 30(b)(6) deposition is necessary to address her concerns that Abbott has failed to retain certain documents which are necessary to her case. (R. 110, Pl.'s Resp. at 2-3.) She also details recent events which she believes warrant a Rule 30(b)(6)

deposition, including: (1) Abbott's production of a privilege log, which raises questions about the timing and scope of Abbott's document retention and preservation efforts; (2) Abbott's Human Resource Director Sarah Longoria's testimony that she deleted the legal hold notice after receiving it; and (3) the "sparse production" of emails Abbott produced from key witnesses and decision makers. (Id. at 1, 3-7.)

A court may issue a protective order to protect a party from oppression, undue burden, or expense during discovery for good cause. Fed. R. Civ. P. 26(c)(1); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." When the discovery sought "appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Conversely, when a request for discovery "is overly broad on its face or when relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request." *Nieves v. OPA, Inc.*, 948 F. Supp. 2d 887, 893 (N.D. Ill. 2013) (citing *Vajner v. City of Lake Station,* No. 09 CV 245, 2010 WL 4193030, at *2 (N.D. Ind. Oct. 18, 2010)). While "[t]here are circumstances where [ ] collateral discovery is warranted," a party must proffer "an adequate

factual basis for [her] belief that the current production is deficient." *Freedman v. Weatherford Int'l Ltd.*, No. 12 CIV. 2121 LAK JCF, 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014).

The court agrees with Abbott that there is no basis for a Rule 30(b)(6) deposition on the topic of document retention and preservation. First, the court notes that Downing's request is outside the bounds of relevancy as defined by Rule 26. Here, Downing seeks discovery on discovery on the basis that Abbott's production "raises questions" regarding its efforts to retain and preserve relevant evidence in this case. (R. 110, Pl.'s Mem. at 1.) Although Downing expresses concerns regarding Abbott's efforts to retain and preserve relevant documents and ESI, she fails to provide an adequate factual basis for her belief that Abbott's discovery production is deficient. *See Freedman*, 2014 WL 3767034, at *3. In fact, Downing fails to show that any of the documents in question (including records relating to the investigation into her work performance, complaints of discrimination or mistreatment by other managers, and notes produced during the interview process to fill her position) actually existed at all. Downing also fails to show that the timing and scope of the litigation hold, or Longoria's deposition statement that she deleted the legal hold notice after reading it, resulted in relevant documents being discarded. A review of the deposition transcript reveals that while Longoria stated that she deleted the notice, Longoria confirmed that she had "acknowledged that [she] reviewed [the notice]; and since then . . . retained documents related to the case." Further, Longoria's more recent testimony, as

described by Downing in her sur-reply, that she "may have" deleted emails, (R. 114 Pl.'s Sur-Reply at 1), is not specific enough to raise an inference that Abbott's document retention and preservation efforts must be investigated because it failed to preserve information relevant to this case. Thus, absent some evidence that Abbott failed to retain and produce responsive records, the court declines to draw the conclusion that Abbott has not been diligent in its duty to retain and preserve relevant documents and ESI.

Second, the court rejects Downing's contention that the "sparse production of emails" from key witnesses and decision makers suggest problems with Abbott's document retention and preservation practices. In *Hubbard v. Potter,* 247 F.R.D. 27, 29 (D.D.C. 2008), the plaintiffs sought discovery on discovery in the form of Rule 30(b)(6) depositions based on the "paucity of documents" produced by the defendant in response to their discovery requests. *Id.* at 29. The court ultimately held that "[i]n order for the court to reason . . . that additional discovery is warranted, the Court must have more to go by than a hunch on plaintiff's part." *Id.* The *Hubbard* court further stated that, "Courts supervising discovery are often confronted by the claim that the production made is so paltry that there must be more that has not been produced or that was destroyed. Speculation that there is more will not suffice; if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end." *Id.* This court follows the reasoning in *Hubbard* and rejects any unsupported speculation Downing makes about Abbott's email production based on her unmet expectation that more

documents should have been produced in response to her discovery request. *See also Cunningham v. Std. Fire Ins. Co.,* No. 07-cv-02538-REBKLM, 2008 WL 2668301, at *4 (D. Colo. Jul. 1, 2008) (finding that the plaintiff's general assertion that he received fewer e-mails in discovery than he believed existed was insufficient to bring defendant's document preservation efforts within the scope of discovery).

In further support of her assertion that the requested deposition is warranted in this case, Downing relies on *Jones v. Bremen High Sch. Dist.* 228, No. 08 CV 3548, 2010 WL 2106640 (N.D. Ill. May 25, 2010), and *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004). The court, however, finds her reliance on these e-discovery sanction cases misplaced. In *Jones*, a plaintiff in an employment discrimination suit alleged that her former employer failed to preserve documents which were materially relevant to her case. In addition to identifying gaps in the defendant's production based on witness testimony and the plaintiff's own recollections, the plaintiff demonstrated the defendant's unreasonable delay in instituting an appropriate litigation hold on electronic documents. *Jones*, 2010 WL 2106640, at *3. There the plaintiff also established that the three individuals most involved in the allegedly discriminatory conduct were allowed to make their own determinations as to which documents were relevant and had the ability to permanently delete emails. *Id.* Because of these facts, the court concluded that the plaintiff produced sufficient evidence to demonstrate that some relevant emails were probably lost as a result of the employer's negligence. *Id.* at *9. To remedy

the prejudice to the plaintiff, the court permitted her to depose witnesses regarding the defendant's email production. *Id.* at *10.

Similarly, in *Zubulake*, a plaintiff in an employment discrimination suit alleged that her former employer failed to produce relevant documents she needed to prove her case. There the plaintiff requested "[a]ll documents concerning any communication by or between UBS employees concerning the plaintiff." *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 312 (S.D.N.Y. 2003). In response, the defendant produced 350 pages of documents, including approximately 100 pages of emails. *Id.* The plaintiff knew that additional responsive emails existed because she herself had produced approximately 450 pages of emails. *Id.* The court in *Zubulake* concluded that the defendant failed to preserve relevant e-mails, even after receiving adequate warnings from counsel, resulting in the production of some relevant e-mails almost two years after they were initially requested, and the complete destruction of others. *Zubulake*, 229 F.R.D. at 439. As a result, the court permitted the plaintiff to depose and re-depose certain witnesses for the limited purpose of inquiring into issues related to the destruction of evidence and newly discovered emails. *Id.* at 222. Together, the holdings in *Jones* and *Zubulake* suggest that a party's ability to conduct discovery into another party's efforts to comply with discovery requests is conditioned upon a showing that the opposing party's production is in some way deficient.

While the plaintiffs in *Jones* and *Zubulake* presented evidence to support their beliefs that the defendants' productions were deficient, Downing merely

speculates that Abbott may have had additional documentation that it has not produced, providing no tangible evidence to support her supposition. *See Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 363 (N.D. Tex. 2013) (disallowing discovery on document retention policies when there was no evidence to support plaintiff's argument that the defendants may have additional documents it had not produced and defendant's explanation for the manner in which it produced documents was plausible). Thus, Downing is not entitled to the same relief as the plaintiffs in *Jones* and *Zubulake*.

For the foregoing reasons, Abbott's motion for a protective order is granted.

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**

7