# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| JACINTA DOWNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15-cv-05921 |
| v. | ) |
| | ) Hon. Judge John J. Tharp |
| ABBOTT LABORATORIES and ABBOTT MOLECULAR INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF JACINTA DOWNING'S RESPONSE TO ABBOTT'S MOTION TO ADJUST THE ORDER OF WITNESSES

Abbott filed its motion to adjust the order of witnesses at 11:48 p.m. Saturday night. Plaintiff intended to file the below response Sunday morning. At 9:05 a.m. on Sunday morning, Plaintiff learned via email that the Court intends to grant Abbott's motion and, effectively, preclude Plaintiff from putting on any rebuttal case. To preserve the record, Plaintiff files the below response.

Abbott has identified no legitimate justification for halting Steve Cielocha's testimony mid-stream and forcing Plaintiff to wait until Tuesday to cross-examine him. The vague assertion that Mr. Cielocha, a current employee of Abbott, has a work deadline coming up does not justify suspending the rules of trial and allowing Mr. Cielocha's direct examination testimony to stand for a full trial day without cross-examination. In addition, Abbott's proposal appears designed to preclude Plaintiff from exercising her right to put on a (short) rebuttal case on Tuesday, by ensuring that Mr. Cielocha's testimony takes up whatever time remains in trial on Tuesday

1

morning.[1] Contrary to the assertion in Abbott's motion, precluding Mr. Cielocha from completing his testimony Monday morning would be highly prejudicial to Plaintiff and her case. If Downing cannot cross-examine Cielocha in the ordinary course, the jury will have heard only Abbott's description of the realignment when Farmakis testifies.

With respect to the funeral Ms. MacGibbon is attending on Tuesday, that issue can easily be addressed by calling Ms. MacGibbon before Mr. Farmakis. Plaintiff cannot fathom that the testimony of Ms. MacGibbon—who does not know Ms. Downing and had nothing to do with any of the decisions in this case—will take up much time. It may not be Abbott's desire to conclude the trial with the cross-examination of Mr. Farmakis, but it has made its decision about the order of witnesses and it should be held to it.

Abbott chose to call Mr. Cielocha late Friday and it has identified no excuse or "emergency" relating to Mr. Cielocha's schedule. This case is an extremely serious and grave matter. Plaintiff has waited six years for her day in court. Having chosen to call Mr. Cielocha as a witness in its defense, Abbott can do without his services for an hour or so on Monday morning. There is no legitimate justification for depriving Plaintiff of her right to cross-examine Mr. Cielocha in the normal course. Abbott's request to preclude Plaintiff from cross-examining Mr. Cielocha until Tuesday should be denied.

---

[1] The email from the Court's proposed order email box confirms that, as a result of the granting of Abbott's motion, Plaintiff will be precluded from putting on any rebuttal case. Reserving a buffer of time left to Downing does not account for Abbott's redirect examination of Cielocha or cross-examination of Downing's rebuttal case.

Dated: August 22, 2021                                             Respectfully submitted,

<u>*/s/ Matthew J. Singer*</u>

Linda D. Friedman
Suzanne E. Bish
Shona B. Glink
Daniel Lewin
Jared A. Calvert
Mark S. Current
STOWELL & FRIEDMAN, LTD.
303 W. Madison St., Suite 2600
Chicago, Illinois 60606

Matthew J. Singer
Matt Singer Law, LLC
77 W. Wacker Dr., Suite 4500
Chicago, Illinois 60601
Phone: (312) 248-9123
Email: matt@mattsingerlaw.com

*Attorneys for Plaintiff Jacinta Downing*