UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JACINTA DOWNING**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 15-cv-05921 ) |
| | ) Hon. Judge John J. Tharp |
| **ABBOTT LABORATORIES and ABBOTT MOLECULAR INC.**, | ) ) ) |
| Defendants. | ) ) ) |

**RULE 50(A) MOTION FOR JUDGMENT AS A MATTER OF LAW
ON ABBOTT'S MITIGATION DEFENSE**

Plaintiff Jacinta Downing, by and through her attorneys, Stowell & Friedman, Ltd., respectfully moves the Court to enter judgment in her favor and against defendants Abbott Laboratories and Abbott Molecular Inc. on the issue of mitigation. In support of this Motion, Plaintiff states as follows:

Under Federal Rule of Civil Procedure 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a). Such a motion may be made "made at any time before the case is submitted to the jury." *Id.* Judgment as a matter of law is appropriate "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]he question is simply whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from that evidence,

458871

is sufficient to allow a reasonable jury to find in favor of the [non-movant]." *Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir. 2008)

Abbott has been fully heard on its mitigation defense yet has failed to introduce any evidence on the second prong of mitigation. "Once the claimant establishes the amount of damages, the employer must demonstrate, as an affirmative defense, that the claimant failed to mitigate those damages." *EEOC v. Gurnee Inn Corp.*, 914 F.2d 815, 818 (7th Cir. 1990). "To prevail, the employer must prove *both* that the [claimants were] not reasonably diligent in seeking other employment, *and* that with the exercise of reasonable diligence there was a reasonable chance that the [claimants] might have found comparable employment." *Id.* (citations and quotation marks omitted) (emphasis in original).

The law in this circuit is crystal clear: an employer who "relies solely on the claimant['s] alleged failure to seek employment after being discharged" but "fail[s] to establish that there was a reasonable chance the claimant[] could have found comparable employment . . . fail[s] to sustain its burden of proof." *Id.* at 818–19; *see, e.g.*, *Vega v. Chicago Park Dist.*, 954 F.3d 996, 1009 (7th Cir. 2020) (affirming rejection of mitigation defense where the employer "all but ignores the second prong because it provides virtually no evidence that [the plaintiff] would have been successful in obtaining a sufficiently comparable job . . . even if she had tried"); *Gracia v. Sigmatron Int'l, Inc.*, 130 F. Supp. 3d 1249, 1257 (N.D. Ill. 2015), *aff'd*, 842 F.3d 1010 (7th Cir. 2016) ("[T]here is no need to definitively decide [diligence], because Sigmatron does not make even a perfunctory effort to meet the second element of its affirmative defense: namely, that there was a reasonable chance there was comparable work to be found."); *Stragapede v. City of Evanston, Ill.*, 865 F.3d 861, 868–69 (7th Cir. 2017), *as amended* (Aug. 8, 2017) (rejecting employer's request to abandon two-prong mitigation framework);.

2

Here, Abbott has introduced no evidence that Downing "would have been successful in obtaining a sufficiently comparable job" with reasonable diligence. Dr. Foster did not opine that with reasonable diligence, Downing would have found comparable employment. In her *voir dire*, she disclaimed any such opinion:

> Q. Dr. Foster, it's true that . . . you don't have any training as a vocational expert or a person who specializes in job search, is that correct?
>
> A. Yes, that's correct.
>
> Q. And you're not offering any opinion on those grounds.
>
> A. No, I'm not offering an opinion on those grounds.

(Tr. Vol. 7 at 1953:24–1954:5.)

Dr. Foster merely assumed mitigation to come up with a damages scenario. That testimony was consistent with Abbott's repeated representations to the Court that Dr. Foster would not offer an opinion on the second prong of mitigation. In its Daubert response, Abbott explained, "Dr. Foster is not *opining* that Plaintiff would have found a job in 15 weeks; she is offering a *damages scenario*." (Dkt. 316 at 5.) At the Final Pretrial Conference, the Court stated, "My understanding is that . . . Abbott says Foster is only using the numbers as an assumed number and will not, in fact, offer an opinion that Ms. Downing would have or should have obtained a job within that period of time," to which Abbott's counsel responded, "That's precisely right, Your Honor." (Final Pretrial Conference Tr. Vol. 2 at 167:21–168:5.)

Moreover, none of the information on which Dr. Foster relied is in evidence. First, Dr. Foster testified that she relied on LinkedIn profiles of Charlotte Jones (in California), Mike Koehler (in New York), and Jean Gray (in Pennsylvania) to infer that other RSMs obtained employment within an average of 9 months. (Tr. Vol. 8 at 2015:2–23, 2047:12–14.) But the

3

LinkedIn profiles themselves—Defendants' Exhibits 526, 527, and 528—are not in evidence.[1] Nor can they be. They are hearsay, *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000), and although an expert may rely on hearsay in some circumstances, a party cannot launder hearsay through an expert to as proof that the hearsay is true. *In re James Wilson Assocs.*, 965 F.2d 160, 173 (7th Cir. 1992) ("If for example the expert witness (call him A) bases his opinion in part on a fact (call it X) that the party's lawyer told him, the lawyer cannot in closing argument tell the jury, "See, we proved X through our expert witness, A."; (*see also* Final Pretrial Conference Tr. Vol. 1 at 52:25–53:2 ("You can't use hearsay as a vehicle to introduce evidence to prove facts that are independent of the expert's opinion, but that's not being done here.").) In short, there is no evidence in the trial record that the other RSMs obtained employment in 9 months, let alone comparable employment—only that Dr. Foster thinks they did. A jury therefore has no evidence to conclude that other RSMs found jobs and Downing therefore should have with diligence.

Dr. Foster also testified that she relied on BLS data that unemployed women aged 55 to 64 have a median unemployment duration of 15.6 weeks and a mean duration of 40.8 weeks. (Tr. Vol. 8 at 2001:24–2007:5.) Even ignoring the analytical problems with Table 12,[2] Abbott has a more fundamental problem: Table 12 is not in evidence, and it cannot be used as proof that Downing could or should have found comparable employment. This Court ruled *in limine* that Table 12 is not admissible in its own right, when it held: "[T]his is not going to be an independent exhibit. It's something that she relied on in her work and her analysis." (Final

---

[1] There is evidence in the trial record that Jones and Gray obtained employment with Christopher Jowett at Qiagen after 2018. But no reasonable jury could find that similar opportunities were available to Downing, because Jowett testified that he would not employ Downing. (Tr. Vol. 8 at 2160:3–5.)

[2] Dr. Madden explained that Table 12 "doesn't show whether they get a job or not." (Tr. Vol. 6 at 1657:20–21.) Dr. Foster conceded that "Table 12 tells you nothing about displaced workers and how long it took them to find a job." (Tr. Vol. 8 at 2043:14–19.)

Pretrial Conference Tr. Vo. 2 at 178:17–19.) Table 12 has not been admitted in evidence. And the Court instructed the jury explicitly that any testimony about the table cannot be used on the second prong of mitigation: "Dr. Foster's testimony that people like Ms. Downing find employment based on Table 12 is not evidence that Ms. Downing should have found a job during that time period." (Tr. Vol. 8 at 2009:2–5.)

Dated: August 24, 2021

Respectfully submitted,

*/s/ Daniel B. Lewin*
Linda D. Friedman
Suzanne Bish
Shona B. Glink
Jared Calvert
Daniel B. Lewin
Mark Current
STOWELL & FRIEDMAN, LTD.
303 W. Madison St., Suite 2600
Chicago, Illinois 60606

Matthew Singer
Matt Singer Law, LLC
77 W. Wacker Dr., Suite 4500
Chicago, Illinois 60601

*Attorneys for Plaintiff Jacinta Downing*

5